IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>         v.<br>RAFAEL JOSE MEDINA,<br>Defendant. | CRIMINAL NO. 97-041 (CCC) |

**URGENT MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE**

TO THE HONORABLE CARMEN CONSUELO CEREZO
UNITED STATES DISTRICT JUDGE
U.S. DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

COMES NOW the defendant through the undersigned counsel, the Federal Public Defender, and respectfully prays of this Honorable Court as follows:

Defendant Rafael Jose Medina appeared before the Honorable Magistrate Judge Carmen Velez-Rive on July 20th 2006 wherein he waived his right to a full revocation hearing and, with consent of all the parties involved, entered into the inpatient drug treatment program at Hogar San José.

Subsequently, the undersigned has been made aware that Mr. Medina is in danger of losing his position at USA Parking Corporation, based in San Juan, Puerto Rico.

Counsel for the defendant submits the following solution to this quandary: that defendant be allowed to attend his place of employment by modifying the conditions of supervised release to the

Case No. 97-041 (CCC)
Page 2

extent that defendant participate in an intensive outpatient drug treatment and rehabilitation program in lieu of a residential inpatient program.

Counsel is fully aware that there are two competing and equally compelling interests at stake here- the defendant's livelihood and defendant's rehabilitation. It is submitted that, if we are to address one while excluding the other we would do violence to the mandate of 18 U.S.C. §3553(a), which requires a court to impose "a sentence sufficient, but not greater than necessary" to comply with the purpose of providing the defendant "with needed educational or vocational training, medical care or other correctional treatment in the most effective manner," §3553(a)(2)(D).

Allowing the defendant to participate in an outpatient drug program while continuing to work effectively addresses *both* concerns. Moreover, the Court must seriously consider the fact that, if at the end of defendant's participation in an inpatient program, he walks out onto the street **without a job**, that very same situation is more than likely to trigger relapse into drug use. Now we have a person who is unemployed and using drugs... More fodder for the prison system. It is respectfully submitted that this should not be the case here.

Defendant, prior to this pass, had completed between 45-50

credits at the Colegio Universitario de Puerto Rico in San Juan towards a instrument technician degree.[1] He is married and has a child. He was gainfully employed, earning a gross monthly amount of approximately $1,820.00. He is the one responsible for payment of the family's mortgage ($525.00); his wife is employed as a hotel housekeeper. Upon information and belief, she cannot continue to afford paying the mortgage.

Some would say that, in spite of all this, defendant continued to used drugs. Certainly, the notion of a "functional[2] addict" remains uncomfortable to some. But the fact remains that, as per the information which counsel has received, defendant did not re-engage in any criminal conduct save use of a controlled substance.

The undersigned has had telephonic conversations with the defendant, wherein the defendant expressed serious regret for his previous drug use, as well as a resolve not to get his life and his family involved in this type of situation again. Furthermore, the undersigned questioned Ms. Keyla Burgos, defendant's social worker at Hogar San José on August 23rd 2006 and she expressed, with regard to defendant's performance at the program, that he exhibited excellent adjustment, which was surprising given the short amount

---

[1] As such, defendant would be dealing with the reparation and calibration of manufacturing equipment.

[2] The term "circumstantial" is also used.

of time elapsed.[3] Also, based upon information provided to the undersigned, defendant was in line for some type of managerial position at his job. If that is true, we can safely presume that Mr. Medina is a responsible employee. Those are not the type of people we should allow to lose their job.

In sum, given all of these circumstances, it is respectfully requested that this Honorable Court grant defendant's motion and modify the conditions of supervised release to the extent that he be allowed to return to his employment at USA Parking while continuing to participate in whatever form of drug treatment and rehabilitation the Court deems proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on this 23rd day of August, 2006.

**JOSEPH C. LAWS, JR.**
**Federal Public Defender**
**District of Puerto Rico**

S/Francisco Valcárcel-Fuster
Assistant Federal Public Defender
USDC-PR 220108
241 F.D. Roosevelt Avenue
San Juan, PR  00918
Phone No. (787) 281-4922

---

[3] In Spanish, she said "muy buen ajuste, que es sorprendente dado el poco tiempo que lleva."

Case No. 97-041 (CCC)
Page 5


**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for the government, U.S. Attorney Rosa Emilia Rodriguez (Attn. Assistant U.S. Jacabed Rodriguez-Coss).

    At San Juan, Puerto Rico, this 23rd day of August, 2006.

    **JOSEPH C. LAWS, JR**
    **Federal Public Defender**
    **District of Puerto Rico**

    S/FRANCISCO VALCARCEL-FUSTER
    USDC-PR #220108
    Assistant Federal Public Defender
    241 Franklin D. Roosevelt Avenue
    Hato Rey, PR  00918-2441
    Tel. (787) 281-4922/Fax (787) 281-4899
    E-mail : *francisco_valcarcel@fd.org*