0IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>RAFAEL JOSE MEDINA,<br>    Defendant. | Criminal No. 97-041 (CCC) |

### UNITED STATES RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE

**TO THE HONORABLE COURT:**

**COMES NOW** the United States of America, by and through the undersigned attorney, and very respectfully states and prays as follows:

In compliance with Court Order, the United States hereby files its response and states its objection to defendants' Urgent Motion to Modify Conditions of Supervised Release (Docket 116). On July 20, 2006, defendant waived a full revocation hearing due to violations of conditions of his supervised release and agreed to enter an in-patient drug treatment program. He has reportedly adapted well to the initial stage of the program, and hopefully, if he receives the benefits of the therapy afforded him there, he will have a better chance of conquering his drug addiction.

It is evident from the record that defendant has had numerous opportunities to reap the benefits of outpatient drug treatment, and nevertheless, his attempts at rehabilitation were not successful, because he reverted back to his drug habits. As early as March 1997, during the preliminary hearing based on the complaint filed against MEDINA for violations of Title 21, United States Code, Section 841(a), then Magistrate Judge Aida M. Delgado ordered that defendant receive drug treatment as a condition of his release on bond. By November 4, 1997, U.S. Pretrial Services had notified the Court of MEDINA's violations of the conditions of bail. They further referred

<u>United States v. Rafael José Medina-Ocasio</u>
Criminal No. 97-041 (CCC)
Page No. 2

defendant, once again, to drug treatment. We are now in 2006 and defendant is still struggling with his addictions.

In the motion filed on August 23, 2006, defense counsel states that there are two competing and equally compelling interests - defendants' livelihood and defendant's rehabilitation. We take exception to his assessment. Although we agree that it is highly important for the defendant to be gainfully employed, in order to provide for his family and fulfill his duties to the society of which he is a part, such employment cannot and will not be a successful undertaking if he does not have the proper physical and emotional well-being required to fulfill the duties of any kind of employment. Such physical and emotional well-being can be better obtained if he is given the opportunity to focus on ridding himself of any remnants of the drugs which have overtaken his body, and is provided with the proper emotional and psychological counseling required to strengthen him to the point where he doesn't need the crutch that a drug will provide for him to manage his life. No human being can truly provide for, and fulfill the obligations of a family, particularly fatherhood, if he is not first in control of his own persona.

The United States commends defendants' willingness to admit his past mistakes and his efforts to rehabilitate his life, as detailed in counsel's motion, but hopes that defendant realizes that his drug habit is a very serious matter; that if such a condition is not given the priority which it deserves, the chances of his complete recovery are diminished and the possibility that he will revert to his old habits increases. If that happens, he will more than likely wind up in jail once again and the fact that he was able to keep working for the short period of time between those two events will not serve him, his family, or anyone else, for that matter. The issue of employment could be dealt

<u>United States v. Rafael José Medina-Ocasio</u>
Criminal No. 97-041 (CCC)
Page No. 3

with in other ways, for example, the employer could be contacted in order to determine whether there is a way that they could, as a good faith gesture, allow for defendant's 90 day in-patient treatment, or perhaps, his case worker could inquire at Hogar San José if they have a work placement program. Nonetheless, releasing him from his agreement to enter an in-patient drug treatment is not an acceptable answer to the issue set forth in defense counsel's motion.

**WHEREFORE** it is very respectfully requested that this Honorable Court take notice of the United States position and DENY defendants' motion for modification of conditions of supervised release.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 25th day of August 2006.

**H.S. GARCIA**
United States Attorney


/s/ Jacabed Rodríguez Coss
**Jacabed Rodríguez Coss**
USDC # 207309
Assistant U.S. Attorney
U.S. Attorney's Office
Torre Chardon, Suite 1201
Hato Rey, P.R. 00918


CERTIFICATE OF COMPLIANCE

I hereby certify that on August 25, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney of record.

s/Jacabed Rodríguez Coss
Assistant United States Attorney